[Argued July 20, 1893; decided July 24, 1893.]

## HOWARD *v.* HOWARD.

[S. C. 33 Pac. Rep. 682.]

Lane County: J. C. FULLERTON, Judge.

Defendants appeal.    Modified.

*A. C. Woodcock,* and *L. Bilyeu,* for Appellants.

*Rufus Mallory,* for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

This is a suit by Tilmon A. Howard to establish a resulting trust.   The complaint alleges that on the twenty-fifth of October, 1878, the defendants S. N. Howard and Ira Allen, and D. C. Howard, plaintiff's father, now deceased, purchased from one James M. Horn, who was the owner in fee thereof, the premises described in the complaint, and agreed to pay therefore nine thousand dollars; that eighteen hundred dollars was paid down, and the balance was made payable in yearly installments of one thousand dollars each, with interest; that the title to the land so purchased was taken in the name of S. N. Howard, who was to hold it in trust for himself, Ira Allen, and D. C. Howard, in equal proportions; that the purchasers immediately entered into possession, cultivated and improved the premises, sold the product thereof, and applied the money to the deferred payments; that up to the death of D. C. Howard the defendants recognized his title to an undivided one third of said premises; that the money remaining unpaid at the time of the purchase has since been paid either from the proceeds of grain produced by them jointly, or with money borrowed on their joint credit; that four thousand dollars was so borrowed of one S. S. Spencer, which had not been paid at the commence-

ment of this suit; that D. C. Howard died on the fourteenth of November, 1888, leaving plaintiff his sole heir, who, since the death of his father, demanded of the defendant S. N. Howard the conveyance of an undivided one third interest in said land to him, which has been refused.

The defendant S. N. Howard denies all the material allegations of the complaint; and, for a separate defense, in effect, alleges that in pursuance of an agreement between the defendant Ira Allen, one J. M. Howard, and himself, the said land was purchased, and the title taken in his name in trust for himself, Ira Allen, and J. M. Howard. The defendant Ira Allen filed an answer in which, upon information, he denied the material allegations of the complaint. The plaintiff in his reply denies the allegations of new matter in the answer of the defendant S. N. Howard. The testimony was taken, and, upon a report thereof, the court found for the plaintiff, and decreed that the defendant S. N. Howard, within thirty days from the entry thereof, make, execute, and deliver to plaintiff a good and sufficient deed of an undivided one third of the said real property, and that plaintiff have his costs and disbursements, from which decree the defendant Howard appeals.

The answer of the defendant S. N. Howard admits that he held the legal title to said property in trust, but substitutes J. M. Howard for D. C. Howard, as one of the parties for whom he is trustee. The trust character of the deed having been admitted, the only question, then, is whether said defendant was trustee for D. C. Howard or for J. M. Howard. We have carefully examined the testimony, and while there is an irreconcilable conflict therein, we think, without quoting any portion thereof, that it supports the conclusions reached by the trial court. The complaint further alleges, that at the time the suit was commenced there was a debt of four thousand dollars upon

said property due one S. S. Spencer. The court in its decree did not provide that one third of this sum should be a charge upon the land to be conveyed to the plaintiff. The decree will therefore be modified so that a conveyance of the undivided one third of the premises described in the complaint shall be made subject to said charge, and, as so modified, the decree will be affirmed with costs to respondent. MODIFIED.